IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM WAYNE BROOKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of the Social ) <br> Security Administration[1], ) <br> ) <br> Defendant. ) | Case No. CIV-12-499-F |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

Plaintiff's applications for DIB and SSI were denied on initial consideration and on reconsideration at the administrative level (TR. 9). An ALJ held a *de novo* hearing on

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

January 4, 2011, (TR. 9; 20-52), and on April 27, 2011, the ALJ issued a decision finding that Plaintiff was not disabled (TR. 9-19). On March 5, 2012, the Appeals Council denied Plaintiff's request for review, (TR. 1-4), making the decision of the ALJ the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520; 416.920. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the date of the alleged onset of disability (TR. 11). At step two the ALJ found that Plaintiff has severe impairments including disorder of the back, anxiety, depression, diabetes, right shoulder impairment, knee impairments, high blood pressure, and headaches (TR. 11). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 11). The ALJ then formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant cannot perform any overhead work, he can only occasionally stoop, and the claimant must have a sit/stand option. The claimant is able to understand, remember, and carry out detailed but not complex instructions

(TR. 13). Moving to the second part of step four, the ALJ determined that Plaintiff could not perform his past relevant work as produce manager, which is medium work, or jailer, which is light work (TR. 18). At step five of the sequential evaluation process, the ALJ determined that Plaintiff has the ability to perform other work such as bakery line worker, shipping and receiving weigher, and photograph finisher (TR. 19). Thus, at step five the ALJ determined that Plaintiff was not disabled and therefore not entitled to DIB or SSI (TR. 19).

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred by failing to properly evaluate the medical opinion of his treating physician, Dr. Mary Burgesser. Plaintiff further contends that the ALJ's RFC assessment is legally flawed and not supported by substantial evidence.

## ANALYSIS

### I. The ALJ's Analysis of the Treating Physician Opinion

Plaintiff challenges the ALJ's analysis of Dr. Burgesser's treating medical source opinions as facially inadequate because the ALJ did not specify the weight given to Dr. Burgesser's opinion.

The Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating and non-treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for

4

the weight afforded the opinion, and the reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required only if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. *See also Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled. . . to completely reject [it] on this basis"). The second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently

5

specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

In her medical source statement Dr. Burgesser stated that she had been treating Plaintiff for back pain for ten years (TR. 458-461). Indeed, the record reflects that Plaintiff has regularly been attended by Dr. Burgesser and regularly prescribed narcotic pain medication for his back (TR. 392-457). The medical records reflect that Plaintiff had previously undergone back surgery, but that he needed another surgery to fuse his spine. Both in numerous progress notes and in her medical source statement, Dr. Burgesser stated her opinion that Plaintiff suffers chronic pain of the lumbar spine accompanied by pain in his lower extremities. Dr. Burgesser stated that the pain medication prescribed for Plaintiff makes him drowsy, that his condition would often interfere with his attention and concentration and that he would require a job that would allow him to shift from sitting to standing at will. She stated that Plaintiff could sit for about four hours in an eight-hour work day and stand/walk for about four hours in an eight-hour work day. As for exertional restrictions, Dr. Burgesser stated that Plaintiff could occasionally lift between ten and twenty pounds, but never more than twenty pounds, that he can never bend or twist, and that Plaintiff would likely have good and bad days (TR. 458-461).

Dr. Burgesser's diagnosis of pain-producing degenerative disc disease is supported by objective evidence; an MRI showed degenerative disc disease, post-operative changes with a right laminectomy defect at L4-5, posterior facet hypertrophy, and posterior disc bulge at L5-S1 (TR. 416; 453).

6

The ALJ found that Plaintiff's failure to undergo a spinal fusion was not consistent with his claims of chronic back pain and diminished his credibility (TR. 15). The ALJ also found Plaintiff's credibility diminished based on two isolated medical records in which Dr. Burgesser reported that Plaintiff's statement that his back pain had improved (TR. 16). But Dr. Burgesser's treatment notes reflect that Plaintiff was reluctant to undergo another back surgery based on his financial need to work and on his inability to pay for the surgery (TR. 254-256). Moreover, Dr. Burgesser still found it necessary to prescribe narcotic pain medication, even though on two occasions Plaintiff's pain had improved. Based on the records noting improvement in Plaintiff's pain, the ALJ stated that Dr. Burgesser's opinion was not supported by her own treatment notes (TR. 16). But for these isolated statements, however, the bulk of the treatment notes generated by Dr. Burgesser consistently reflect her acknowledgement that Plaintiff suffers chronic, severe pain (TR. 392-452).

The ALJ specifically stated that he was not giving Dr. Burgesser's opinion controlling weight (TR. 16). The ALJ then listed the factors he should have considered in determining what weight he should give to the opinion, but he did not reach the second step of the required analysis and did not state what weight, if any, he actually was giving the opinion (TR. 16-17). The Commissioner argues that because the ALJ included a sit/stand option in the RFC, it is obvious that the ALJ gave Dr. Burgesser's opinion "some weight" (Commissioner's Brief p. 7). The Commissioner's conclusion is not necessarily correct, however, as an agency doctor, Dr. Thurma Fiegel, determined that Plaintiff could perform light work, but needed a sit/stand option. The ALJ afforded Dr. Fiegel's opinion moderate weight (TR. 17). In any case, this court cannot accept

*post hoc* rationalizations to support the ALJ's decision. *See Haga v. Astrue*, 482 F.3d1205-1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this *post hoc* effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

The ALJ's incomplete analysis of the treating physician's opinion requires reversal of the Commissioner's decision and remand for further proceedings.

## II. The ALJ's RFC Assessment

Plaintiff challenges the ALJ's finding that he is able to perform light work even with the severe impairments the ALJ identified at step two. At the hearing, the VE testified that if Plaintiff were limited to sedentary work, a finding of disabled would be directed by the Medical-Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2. The VE also testified that an inability to concentrate with an accompanying 20% reduction the level of production, would eliminate the jobs he had identified (TR. 49). The VE acknowledged that, by definition, the light work jobs he identified require standing six hours out of an eight-hour day (TR. 50). If the ALJ had adopted the functional limitations addressed by Plaintiff's treating physician—that Plaintiff can stand or walk only four hours in an eight-hour day—light work would be precluded.

Plaintiff also challenges the ALJ's failure to include limitations in the RFC resulting from Plaintiff's severe headaches. The record reflects that between January and

September of 2009, Plaintiff had approximately eighteen appointments with Dr. Martin D. Bautista or Dr. Emmanuel L. Barias, to whom Plaintiff complained of daily headaches with nausea and photophobia (TR. 285-307). These doctors generally treated Plaintiff's headaches and accompanying nausea with injections. Plaintiff testified that he still has migraine headaches, sometimes two per week, each lasting approximately 18 hours. He testified that he can no longer receive injections to help with the pain because the medications affect his blood pressure (TR.38). Based on the medical records from Dr. Bautista and Dr. Barias, the ALJ determined that Plaintiff's allegations concerning the frequency and intensity of his headaches is not credible. Considering, however, that Plaintiff can no longer take the injections which formerly reduced his pain and, perhaps shortened the duration, his allegations concerning the length and intensity of his headaches now, are not necessarily inconsistent with the medical records. On remand, the ALJ should take into account the functional limitations resulting from Plaintiff's headaches.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 7, 2013**. The parties are

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 24, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE